IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CECILIA E. GONZALEZ,

       Plaintiff,                    No. CIV S-11-1413 KJM-CKD

    vs.

HERITAGE PACIFIC FINANCIAL, LLC;
et al.,

       Defendants.              <u>ORDER</u>

_____/

       This matter arises out of plaintiff's allegations that defendants, in attempting to collect a debt plaintiff allegedly owes defendant Heritage Financial Pacific, LLC ("Heritage"), violated the Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and California Business and Professions Code § 17200.  Through this motion, defendants seek dismissal of plaintiff's complaint  in accordance with Federal Rule of Civil Procedure 12(b)(3); alternatively, they seek an order transferring this case under 28 U.S.C. § 1404(a) to the Central District of California.  Plaintiff opposes the motion.  For the reasons set forth below, defendants' motion is granted in part and denied in part.[1]

///

_____

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs.  E.D. Cal. L.R. 230(g).

1

I.   <u>FACTS</u>

     In October 2006, plaintiff and her daughter financed property located at 16775 Forty Niner Trail, Lathrop, California in San Joaquin County[2] by obtaining two purchase money loans from WMC Mortgage Corporation.  (Pl.'s Compl., filed May 20, 2011 [ECF 1] ¶ 31.)  Each note was secured by a separate deed of trust recorded against the property at the time of purchase.  (*Id.*)  Plaintiff incurred the second junior note, the note relevant to this motion, for personal, family and household purposes.  (*Id.*)

     Plaintiff defaulted on both notes on an undisclosed date.  (*Id.* ¶ 33.)  The holder of the first note conducted a nonjudicial foreclosure of the first deed of trust.  (*Id.*)  According to the complaint, plaintiff, now a New Orleans resident, vacated the property months before the foreclosure took place.  (*Id*. ¶¶ 8, 33.)

     Plaintiff alleges that defendant Heritage, a limited liability company with its principal place of business in Texas, purchased the second note.  (*Id. ¶¶* 34-35; Declaration of Brad A. Mokri ["Mokri Decl."], filed July 07, 2011 [ECF 13-2] ¶ 3.)  Plaintiff further alleges that, at the time of the purchase, Heritage "had actual knowledge that collection on the debt was prohibited by California's anti-deficiency law, including California Financial Code § 7460, and that their conduct in attempting to collect the debt violated various provisions of the FDCPA and the RFDCPA."  (*Id.* ¶ 37.)

     In 2010, Heritage retained defendants Brad Mokri and Jennifer Hupe of the Law Offices of Brad Mokri, attorneys based out of Santa Ana, California, to facilitate collection of the principal amount of the debt owed under the second note.  (Mokri Decl. ¶ 3; Pl.'s Compl. ¶ 38.)  As part of its collection efforts, Mokri's law firm filed a lawsuit against plaintiff in the Superior Court of California for San Joaquin County ("San Joaquin action").  (Pl.'s Compl. ¶ 39.)  Defendants' complaint in the San Joaquin action alleged, in pertinent part, that plaintiff

---

     [2]  Defendants do not dispute that the property is located in the Eastern District of California.

1  and her daughter, who cosigned on the notes, fraudulently misrepresented their annual income

2  for purposes of obtaining loans they knew they could not afford.  (*See generally* Pl.'s Req. for

3  Judicial Notice ["RJN"], filed Aug. 12, 2011 [ECF 18, Ex. A].)  Plaintiff alleges that defendants

4  Mokri and Hupe "had actual knowledge that collection on the debt was prohibited by

5  California's anti-deficiency laws," and thus, filing the lawsuit violated the FDCPA and

6  RFDCPA.  (Pl.'s Compl. ¶ 40.)  According to defendants, various employees at the Law Offices

7  of Mokri & Associates in Santa Ana, California, researched and analyzed the law and facts

8  applicable to this lawsuit and concluded that California law permitted actions against purchase-

9  money debtors who fraudulently obtained loans by misrepresenting their income.  (Mokri Decl.

10  ¶¶ 4-5.)

11  II.  <u>ANALYSIS</u>

12       A.       Improper Venue

13              Defendants seek to dismiss plaintiff's complaint under Federal Rule of Civil

14  Procedure 12(b)(3), arguing that venue is improper in the Eastern District because a substantial

15  portion of the events giving rise to plaintiff's FDCPA claim did not occur in this district.

16  Defendants maintain that, although they filed the San Joaquin action in this district, the actual

17  conduct plaintiff alleges was improper, and that gave rise to plaintiff's claim, occurred in the

18  Central District of California.  (Def.'s Mot., filed July 07, 2011 [ECF 13-1] at 5:20-6:6.)

19  Specifically, defendants argue that the events giving rise to plaintiff's FDCPA claim arose from

20  defendants' knowledge that California law allegedly precludes collection of the debt.  *Id.*  That

21  knowledge, defendants aver, would have been acquired in Santa Ana, California, where

22  defendants researched the facts and analysis applicable to the San Joaquin action.  *Id.* at 6:2.

23              Plaintiff counters that, even if defendants' conduct at the Santa Ana law office

24  establishes that venue is proper in the Central District of California, it does not therefore follow

25  that venue is improper in the Eastern District of California.  Plaintiff points to the fact that not

26  only did the specific, and most obvious, collection effort — filing of the lawsuit — occur in the

1   Eastern District, but the transaction by which plaintiff incurred the underlying debt also occurred

2   in the Eastern District.  (Pl.'s Opp'n, filed Aug. 12, 2011 [ECF 17] at 2:23-3:5.)  The crux of

3   plaintiff's FDCPA claims, plaintiff maintains, was the improper filing of the San Joaquin action,

4   and thus, a substantial portion of the events that gave rise to this claim clearly occurred in the

5   Eastern District.

6            Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move for

7   dismissal when venue is improper.  28 U.S.C. § 1391(b) provides that, in "[a] civil action

8   wherein jurisdiction is not founded solely on diversity of citizenship," venue is proper "only in

9   (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a

10  judicial district in which a substantial part of the events or omissions giving rise to the claim

11  occurred, or a substantial part of property that is the subject of the action is situated, or (3) a

12  judicial district in which any defendant may be found, if there is no district in which the action

13  may otherwise be brought."  28 U.S.C. § 1391(b) accounts for the possibility that venue may be

14  proper in more than one judicial district.  *Kelly v. Qualitest Pharm. Inc.*, 2006 WL 2536627, at

15  *8 (E.D. Cal. Aug. 31, 2006) (*citing Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004)).

16  Indeed, the word "substantial" is by no means synonymous with "majority":  "it is not necessary

17  that a majority of the events occurred in the district where suit is filed, that the events in that

18  district predominate, or that the chosen district is the 'best venue.'" *Id.*  Rather, plaintiff must

19  simply "show that a 'substantial part' of the events giving rise to [her] claims occurred" in the

20  Eastern District of California.  *Id.*  However, "[s]ince the events or omissions giving rise to the

21  plaintiff's claim must be substantial, events or omissions that might only have some tangential

22  connection with the dispute in litigation are not enough." *Trico Bancshares & Subsidiaries v.*

23  *Rothgerber Johnson & Lyons LLP*,  2009 WL 3365855, at *6 (E.D.Cal. Oct. 15, 2009) (*quoting*

24  *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)).

25            The appropriate inquiry under Rule 12(b)(3) is not whether venue is more

26  appropriate in a different judicial district, but rather whether venue is appropriate in the

4

1    particular district in which plaintiff filed her claim.  Rule 12(b)(3) places the burden upon

2    plaintiff to show that venue is proper in this district.  *Piedmont Label Co. v. Sun Garden Packing*

3    *Co.*, 598 F.2d 491, 496 (9th Cir.1979); *Hope v. Otis Elevator Co.*, 389 F.Supp.2d 1235, 1243

4    (E.D. Cal. 2005). Unlike a motion to dismiss for failure to state a viable claim under Rule

5    12(b)(6), on a motion for improper venue under Rule 12(b)(3), "the pleadings need not be

6    accepted as true and the court may consider supplemental written materials and consider facts

7    outside the pleadings" in its adjudication.  *Kelly v. Qualitest Pharm, Inc.*, 2006 WL 2536627, at

8    *7 (E.D. Cal. 2006) (citing *Murphy v. Scheider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).

9    The decision to dismiss for improper venue is a matter within the sound discretion of the district

10   court.  *Cook v. Fox*, 537 F.2d 370, 371 (9th Cir. 1976).

11           Plaintiff's contention, that the filing of the San Joaquin action for purposes of

12   collecting the debt constituted a substantial portion of the of the events giving rise to plaintiff's

13   FDCPA claim, is well-taken.  Plaintiff's claims allege that defendants improperly attempted to

14   collect a debt.  Plaintiff alleges that the last improper act in attempting to collect that debt was

15   filing a lawsuit plaintiff maintains defendants knew was improper.  The filing of the lawsuit in

16   San Joaquin County was a substantial event that gave rise to plaintiff's claim.  Indeed, but for

17   filing of that allegedly improper suit, it is reasonable to conclude that plaintiff likely would not

18   have filed this lawsuit.  Based on the foregoing, defendants' motion to dismiss the complaint for

19   improper venue is DENIED.

20           B.      Transfer of Venue

21           In the alternative, defendants seek to transfer this action from the Eastern District

22   of California to the Central District of California.  According to defendants, the crux of

23   plaintiff's FDCPA claim is that defendants filed the San Joaquin action in bad faith with

24   knowledge that they had no legal footing, and sought solely to obtain a default judgment.  Thus,

25   defendants maintain, the bulk of the evidence and witnesses will be located in Santa Ana, where

26   all of the research regarding the legitimacy of defendants' underlying claim took place.  (Def.'s

1   Mot. at 7:5-19.)  Defendants also point out that, as plaintiff is a New Orleans resident, defendant

2   Heritage is located in Texas, and the Law Offices of Brad Mokri are in Santa Ana, plaintiff's

3   counsel, whose office is located in San Jose, only filed this matter in the Eastern District[3] for his

4   own convenience.  Thus, defendants argue, the convenience of the parties, specifically

5   defendants Brad Mokri and Jennifer Hupe, militates in favor of a Central District of California

6   venue.  (*Id.* at 8:8-15.)

7           Plaintiff maintains that, as required by law, her choice of forum should not be

8   disturbed.  Moreover, plaintiff maintains that the proposed Central District venue, located in

9   southern California, will burden plaintiff as she will need to fly to her counsel's office in

10  northern California in order to meet and prepare for litigation.  (Pl.'s Opp'n at 12:8-17.)  Plaintiff

11  contends that defendants' arguments are belied by the fact that defendants are frequent litigators

12  in this district.  (*Id.* at 6:16-9:14.)  Plaintiff also argues that the court should give little weight to

13  defendants' witnesses located in Santa Ana because defendants fail to explain the relevance of

14  these witnesses' proposed testimony.  (*Id.* at 11:12-21.)  Finally, plaintiff argues that, since the

15  underlying loan transaction occurred in San Joaquin County, located squarely within the Eastern

16  District, there will be a number of percipient witnesses located within the Eastern District.

17          When the district court finds that venue is proper, it is still within its discretion,

18  "[f]or the convenience of the parties and witnesses, [and] in the interest of justice," to transfer an

19  "action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

20  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for

21  transfer according to an 'individualized, case-by-case consideration of convenience and

22  ───────────────

23          [3]  The court notes that defendants, in their moving papers, argue that the only reason this
    matter is currently venued in the Eastern District is because plaintiff's counsel resides in this

24  district.  However, plaintiff's filings indicate that plaintiff's counsel, Fred Schwinn, is an
    attorney for the "Consumer Law Center," with his office in San Jose, California.  Assuming this

25  is the case, plaintiff's counsel resides in the Northern District of California, not the Eastern
    District of California.  For the purpose of the motion to transfer venue, this distinction is

26  meaningless, as the Northern District is geographically adjacent to the Sacramento Division of
    the Eastern District.

1  fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (*quoting Van Dusen v.*

2  *Barrack*, 376 U.S. 612, 622 (1964)).  "In ruling on a motion to transfer pursuant to § 1404(a), the

3  Court must evaluate three elements: (1) convenience of the parties; (2) convenience of the

4  witnesses; and (3) interests of justice." *Safarian v. Maserati North America, Inc.*, 559 F. Supp.

5  2d 1068, 1071 (C.D. Cal. 2008).  The court may transfer a case even if it has personal

6  jurisdiction; however, "[o]nce the court determines that venue is proper, the movant must present

7  strong grounds for transferring the action . . . ." *Id.*  (citing *Decker Coal Co. v. Commonwealth*

8  *Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).  "[A] motion to transfer venue for convenience

9  pursuant to 28 U.S.C. § 1404(a) does not concern the issue 'whether and where' an action may

10  be properly litigated.  It relates solely to the question where, among two or more proper forums,

11  the matter should be litigated to best serve the interests of judicial economy and convenience to

12  the parties." *Injen Tech. Co. v. Advanced Engine Mgmt.*, 270 F. Supp. 2d 1189, 1193 (S.D. Cal.

13  2003).

14          In determining whether transfer is proper, the court must "balance the preference

15  accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum."

16  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  The moving

17  party must make a strong showing of inconvenience to upset the plaintiff's choice of forum.  *Id.*

18  According to the Ninth Circuit, relevant factors determining whether transfer is appropriate

19  include: (1) the location where the relevant agreements were negotiated and executed, (2) the

20  state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the

21  respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of

22  action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the

23  availability of compulsory process to compel attendance of unwilling non-party witnesses, and

24  (8) the ease of access to sources of proof.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99

25  (9th Cir. 2000), *cert. denied*, 531 U.S. 928 (2000) (*citing Stewart Org. Inc. v. Ricoh Corp.*, 487

26  U.S. 22, 29 (1988)).

1    Initially, the court finds, as it must, this action "might have been brought" in the

2    Central District of California because plaintiff  alleges a claim arising under federal law and a

3    substantial part of the conduct giving rise to plaintiff's claim occurred in the Central District.  28

4    U.S.C. § 1404(a); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  Indeed,

5    plaintiff does not dispute that this action could have been brought in the Central District.

6    Therefore, venue would be proper in the Central District of California.

7    To determine whether transfer is appropriate, the court next considers the

8    convenience of the parties, the witnesses, the interests of justice, and any relevant *Jones* factor.

9    1.  Plaintiff's Choice of Forum and Convenience of the Parties

10   As noted, plaintiff contends the court should adhere to the longstanding principle

11   that a plaintiff's choice of forum should not be disturbed.  Moreover, plaintiff maintains that

12   litigation in the Central District of California would inconvenience her because her attorney's

13   office is in northern California.  Specifically, plaintiff asserts that a Central District forum would

14   severely inconvenience her because she would have to fly to northern California to meet and

15   confer with her attorney, and subsequently fly to Southern California to be present for the

16   litigation.  Finally, plaintiff contends that litigating in this forum would not inconvenience

17   defendants because they are currently involved in a number of other, unrelated lawsuits in this

18   district.

19   Under § 1404(a) and the *Jones* precedent, courts consider the convenience of the

20   parties by analyzing plaintiff's choice of forum, the respective parties' contacts with the forum,

21   and the contacts relating to plaintiff's claim in the chosen forum.  *Jones*, 211 F.3d at 498-99.

22   Courts attach a "strong presumption in favor of plaintiff's choice of forum."  *Piper Aircraft*, 454

23   U.S. 235, 255 (1981).

24   /////

25   /////

26   /////

The court notes as a preliminary matter that none of the parties and none of the parties' counsel resides in the Eastern District of California.[4]  The only person whose convenience would be served by the case proceeding here is plaintiff's counsel, whose office sits in the Northern District of California, nearer to the Eastern District of California.  However, the close proximity of plaintiff's counsel to the Eastern District is not a factor in the court's analysis.  *See, e.g.*, *Grubs v. Consolidated Freightways, Inc.*, 189 F. Supp. 404, 410 (D. Mont. 1960) ("Inconvenience of counsel is not a relevant factor for consideration."); *SPD Swiss Precision Diagnosticts GmbH v. Church & Dwight Co.*, 2009 WL 981233, at *3 (N.D. Cal. 2009) ("Convenience of [Plaintiff's] counsel bears no weight in the analysis of convenience of the witnesses and parties"); *see also Soloman v. Cont'l Am.*, 472 F.2d 1043, 1047 (3d Cir. 1973) (same); *Levyas v. Bezy*, 2008 WL 2026276, at *5 (D. Ariz. 2008) ("convenience of counsel is not a specific factor considered . . . regarding transfer of venue."); *see also In Re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) (holding that the district court committed reversible error in considering the location of counsel because that factor does not appear in Section 1404(a)).  Conversely, both defendants Mokri and Hupe reside in Santa Ana, California, within the Central District.

Even as plaintiff's choice of forum is entitled to deference, that choice is not dispositive of the question whether transfer is appropriate.  Where, as here, plaintiff is not a resident of the forum, the assumption that her choice of forum is reasonable is significantly more attenuated.  *King v. Sam Holdings, LLC*, 2011 WL 4948603, at *2 (N.D. Cal. Oct. 18, 2011) (principle that deference is given to a plaintiff's choice of forum "does not hold nearly as strong where the plaintiff does not reside in the venue or where the forum lacks significant connection to the activities alleged in the complaint.") (internal quotations omitted); *cf. In re Apple Inc.*, 602

---

[4]  Plaintiff is a resident of New Orleans; Heritage, Christopher Ganter, Benjamin Ganter and Stephen Reheuser are Texas residents; defendants Brad Mokri and Jennifer Hupe of the Law Offices of Brad Mokri reside in Santa Ana, California, in the Central District of California.

1   F.3d  909, 913 (8th Cir. 2010) (holding that a foreign plaintiff's choice of forum "is entitled to

2   substantially less deference" and warning against "the risk that plaintiff chose the forum to take

3   advantage of favorable law.").

4          Plaintiff's contention that a Central District forum would inconvenience her

5   because her attorney's office is in northern California also is unavailing.  The record does not

6   support plaintiff's claim that she must first fly to northern California to meet personally with her

7   attorney, then fly to southern California.  Nothing precludes plaintiff from meeting and

8   conferring with her attorney by telephone, mail or e-mail or one of the numerous other mediums

9   available today.

10         Finally, the court declines, as plaintiff requests, to take into account other cases

11  defendants are currently litigating in this district.  Those cases have no bearing on whether

12  transfer is appropriate under the circumstances here, given the balance of convenience to the

13  parties in this case.

14         In sum, the court finds that, because plaintiff is a Louisiana resident, there is no

15  appreciable difference between the inconvenience plaintiff would suffer by litigating in the

16  Eastern District as opposed to the Central District.  Conversely, defendants reside in the Central

17  District and their witnesses reside in the Central District.  On balance, the court finds that the

18  convenience of the parties factor weighs in favor of transferring this action to the Central District

19  of California.

20         2.     Convenience of the Witnesses

21         Defendant Brad Mokri has filed a declaration in support of defendants' motion

22  listing numerous percipient witnesses to the matters raised in the pleadings, each of whom

23  resides in the Central District of California.  (*See generally* Mokri Decl.)  The declaration

24  identifies various employees of the Law Offices of Mokri & Associates who took part in

25  preparation of the allegedly improper litigation that gave rise to plaintiff's FDCPA claims.

26  According to the declaration, these witnesses will testify as to the extensive legal research that

1  led to defendants' conclusion that they had a valid claim against plaintiff, and thus, did not

2  violate the FDCPA.

3  While plaintiff attacks defendant's declaration as insufficient, she has not

4  provided the court with a declaration listing potential witnesses who reside in the Eastern

5  District, nor has plaintiff apprised the court of the nature of any relevant evidence that is located

6  in the Eastern District.  Plaintiff has mentioned her daughter in her opposition; the daughter

7  cosigned with plaintiff on the underlying promissory note, still lives in San Joaquin County, and

8  is a potential witness.

9  To demonstrate inconvenience to witnesses, the moving party should produce

10  information regarding the identity and location of the witnesses, the content of their testimony,

11  and why such testimony is relevant to the action.  *Steelcase, Inc. v. Haworth*, 41 U.S.P.Q.2d

12  1468, 1470 (C.D. Cal. 1996); *see also Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d

13  Cir. 1978), *rev'd on other grounds*, 652 F.2d 278 (2d Cir. 1981).  It is axiomatic that convenience

14  of nonparty witnesses is frequently the most important factor in the section 1404(a) calculus.

15  *Tolentino v. Mossman*, 2008 WL 1787752 (E.D. Cal. Apr. 18, 2008); *see also* 15 Fed. Prac. &

16  Proc. Juris. § 3851 (3d ed.) (2011) ("Often cited as the most important factor on a motion to

17  transfer under Section 1404(a) of Title 28 of the United States Code, and the one most frequently

18  mentioned by the courts, as the plethora of illustrative cases [ ] demonstrate, is the convenience

19  of witnesses, most particularly nonparty witnesses who are important to the resolution of the

20  case.").

21  On the record before it, the court finds plaintiff has not demonstrated how the

22  expected testimony of her daughter, the one witness who resides in the Eastern District, would

23  be relevant.  While plaintiff's daughter co-signed the underlying loan, she has no connection to

24  this lawsuit based on the FDCPA.  There are no allegations that defendants attempted to collect a

25  debt from plaintiff's daughter, the daughter was not a party to the San Joaquin action, and she is

26  not a party to this action.

The court does find that defendants have adequately explained the relevancy and materiality of their proffered witnesses.  Specifically, defendants offer as percipient witnesses the employees who worked on the underlying case; these witnesses have knowledge of the defendants' due diligence prior to filing the underlying suit, and evidence related to their reasonable belief in its legitimacy.  Defendants also plan to offer the testimony of the following nonparty residents of the Central District of California: Justin Ryan, attorney for Heritage, who plans to testify as to the validity of the underlying claims and the research performed to come to that conclusion; Michael Corefield, a former Heritage attorney who plans to testify similarly; Mark Shuerman, who has been consulted by defendants on numerous occasions and is expected to testify as to the extensive research and legal arguments on which he has offered his expert opinion; and finally, seven named current and former employees of the Law Offices of Mokri & Associates, each of whom was involved in preparing the underlying litigation.  (Mokri Decl. ¶¶ 4(a)-(f).)

The testimony of these potential defense witnesses is relevant as it will illuminate whether defendants had a good faith belief in the legitimacy of their collection claim against plaintiff.  The court thus finds that not only have defendants proffered a number of witnesses whose convenience would be served by a Central District forum; they also have demonstrated those witnesses' proffered testimony is both relevant and material.

On balance, the convenience of witnesses, particularly the nonparty witnesses, weighs in favor of venue in the Central District of California.

4.      Interests of Justice

In addition to convenience of the parties and witnesses, *Jones* instructs courts to consider additional factors in determining whether transfer is appropriate.  *Jones*, 211 F.3d at 498-99.  This district has a significant interest in having local disputes decided at home.  *See Ravelo Monegro v.* Rosa, 211 F.3d 509, 512 (9th Cir. 2000).  Disputes alleging abusive debt collection practices arising in the Eastern District should not be transferred lightly.

1        However, the court also considers the ease of access to evidence.  *Id.*  Here, the

2   majority of documentary evidence is located in the Central District of California.[5]  All the

3   discovery that took place in both this case and the underlying debt collection case,

4   correspondence regarding the research and factual development that took place in preparation for

5   filing the San Joaquin action, and all of defendants' experts declarations and files are in the

6   Central District with defendants' law firm.  Conversely, plaintiff has directed the court to no

7   documentary evidence located in the Eastern District of California.  In terms of a fair hearing,

8   the Central District court is as adept as this court at analyzing plaintiff's federal claims, and is as

9   capable of analyzing plaintiff's state law claims.  The court finds that the interests of justice

10  weigh in favor of a Central District venue.

11              5.       Transfer to the Central District is Appropriate

12       The majority of the events giving rise to plaintiff's claim in this case occurred in

13  the Central District of California.  Even though plaintiff filed the case here, the conduct she

14  alleges was wrongful occurred in the Central District.  The only connection between this case

15  and this district is that the defendants, as required by California's venue provisions, filed the

16  underlying debt collection suit here in an attempt to collect the debt.  No party to this case is a

---

17

18       [5]  The court notes that, with modern information technology, the ease of access to
    documentary evidence is no longer given the weight it once was in the transfer calculus.  *Silverlit*
19  *Toys Manufactory, Ltd. v. Absolute Toy Mktg., Inc.*, 2007 WL 521239, at *11 (N.D.Cal. Feb.15,
    2007) (*citing Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998).  The
20  diminished potency of this factor, however, does not render it completely irrelevant to the overall
    transfer analysis.  *See, e.g.*, *In re Connetics*, 2007 WL 1522614 (S.D.N.Y. May 23, 2007)
21  ("Although the location of relevant documents may be of less significance in light of modern
    copying and reproduction technologies, it nonetheless retains at least some relevance to the
22  venue inquiry") (internal citations omitted); *In re Volkswagen of America, Inc.*, 545 F.3d 304,
    316 (5th Cir. 2008) (holding that despite technological advances, the physical location of
23  documents remains a meaningful factor in the transfer analysis).  The most recent edition of the
    Federal Procedural Forms still lists "the location of relevant documents and relative ease of
24  access to sources of proof" as one of the factors a district court should consider in determining
    whether transfer of venue is warranted.  1 Fed. Proc. Forms § 1:368 (database updated July
25  2011).  Thus, while this factor, standing alone, would provide an insufficient basis for
    transferring this matter to the Central District of California, the location of the documentary
26  evidence, when combined with those factors previously analyzed, weighs in favor of transferring
    this case.

resident of this district.  The appropriate venue for litigation of this case is the Central District of California.

III.   <u>CONCLUSION</u>

       For the reasons set forth above, defendants' motion to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(3) is DENIED.  Defendants' motion to transfer this case in accordance with 28 U.S.C. § 1404(a) is GRANTED and this case is transferred to the Central District of California.

       IT IS SO ORDERED.

DATED:  February 29, 2012.

_____
UNITED STATES DISTRICT JUDGE