O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA E. GONZALEZ,<br><br>          Plaintiff,<br>    v.<br><br>HERITAGE PACIFIC FINANCIAL, LLC; CHRISTOPHER DAVID GANTER; STEPHEN THOMAS REHEUSER; BRAD A. MOKRI; JENNIFER NICHOLE HUPE; BENJAMIN ALAN GANTER; and DOES 1 through 20,<br><br>          Defendants. | Case No. 2:12-cv-01816-ODW (JCGx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES [36]** |

## I.  INTRODUCTION

Pending before the Court is Plaintiff Cecilia Gonzalez's Motion to Strike Defendants' affirmative defenses under Federal Rule of Civil Procedure 12(f).  (ECF No. 36.)  Having carefully considered the papers filed in support of and in opposition to this motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.  FACTUAL BACKGROUND

On June 11, 2011, Cecilia Gonzalez filed a First Amended Complaint alleging that Defendants—by initiating a frivolous lawsuit to collect on a defaulted second-mortgage loan—violated the Fair Debt Collection Practices Act, Rosenthal Fair Debt Collection Practices Act, and California Business and Professions Code section 17200.  (ECF No. 5.)

On March 22, 2012, Defendants filed an answer asserting the following twenty affirmative defenses: (1) fails to state facts; (2) statute of limitations; (3) estoppel; (4) no damage; (5) failure to mitigate; (6) third persons' comparative fault/negligence; (7) proximate cause; (8) excuse; (9) uncertain; (10) consent; (11) laches; (12) unclean hands; (13) waiver; (14) failure to perform; (15) failure to join indispensable party; (16) defendants performed all conditions; (17) failure to exercise administrative remedies; (18) fraud; (19) failure to bring counterclaim; and (20) additional affirmative defenses. (ECF No. 34.) This motion seeks to strike all of these affirmative defenses.

### III. LEGAL STANDARD

Under to Federal Rule of Civil Procedure 12(f), a court may strike an affirmative defense if it is insufficient or is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). An affirmative defense must give the plaintiff fair notice of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

Motions to strike are disfavored and are "generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). But a court should strike an affirmative defense when there are no substantial questions of law or fact and when the "insufficiency of the defense is clearly apparent on the face of the pleading." *Nat'l Acceptance Co. of Am. v. Regal Prods., Inc.*, 155 F.R.D. 631, 634 (E.D. Wis. 1994). If a defense is stricken, the court should freely give leave to amend, so long as there is no prejudice to the opposing party. Fed. R. Civ. P. 15(a)(2); *Wyshak*, 607 F.2d at 826.

### IV. DISCUSSION

Gonzalez asks the Court to apply the heightened "plausibility" pleading standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and contends that Defendants' affirmative defenses fail to satisfy Federal Rule of Civil Procedure 8. (Mot. 5, 8.) Neither the Supreme Court nor

any of the circuit courts has addressed this issue, and there is a division among federal district courts in this circuit.[1] The majority of district courts have held that the *Twombly*/*Iqbal* pleading standard applies equally to the pleading of affirmative defenses as it does to the pleading of claims for relief in a complaint.[2] The reason to do so is a valid one—by applying the heightened pleading standard to affirmative defenses, defendants must state a "valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." *Perez*, 2012 U.S. Dist. LEXIS 41080, at *22 (quoting *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009).

*Twombly* and *Iqbal* redefined Rule 8's fair-notice pleading requirement to demand that a pleading set forth "enough facts" to make a claim "plausible on its face" and contain "more than labels and conclusions." *Twombly*, 550 U.S. at 555, 570. Rule 8 requires more than unadorned accusations; legal conclusions must be supported by factual allegations. *Iqbal*, 556 U.S. at 678–79.

Given that Rule 8 governs both the pleading of claims and the pleading of affirmative defenses, the Court sees no reason why the *Twombly*/*Iqbal* pleading standard should not apply to affirmative defenses. *Barnes*, 718 F. Supp. 2d at 1172. Moreover, Rule 8's requirements regarding the pleading of defenses parallel the pleading of claims. *Perez*, 2012 U.S. Dist. LEXIS 41080, at *21; *see Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("An affirmative defense is subject to the same pleadings standard as is the complaint.").

The Court therefore concludes that the *Twombly*/*Iqbal* heightened pleading standard applies to affirmative defenses.

---

[1] *Compare Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) (extending *Twombly*'s heightened pleading standard to affirmative defenses), *and Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-03323-LHK, 2012 U.S. Dist. LEXIS 41080, at *20–21 (N.D. Cal. Mar. 26, 2012), *with J & J Sports Prods., Inc. v. Scace*, No. 10cv2496-WQH-CAB, 2011 U.S. Dist. LEXIS 60270, at *3–4 (S.D. Cal. May 27, 2011) (declining to extend *Twombly* to affirmative defenses), *and Trustmark Ins. Co. v. C&K Mkt., Inc.*, No. CV 10-465-MO, 2011 U.S. Dist. LEXIS 13448, at *3 (D. Or. Feb. 10, 2011).

[2] *See, e.g.*, *Barnes*, 718 F. Supp. 2d at 1171–72 (citing cases).

In this case, Defendants fail to allege sufficient facts to provide fair notice to Gonzalez as to the nature of any of its affirmative defenses. Each of the twenty affirmative defenses provides only a conclusory recitation that the specific affirmative defense exists. For example, the eleventh affirmative defense states in its entirety, "Plaintiff is barred from recovery against defendants by operation of the Doctrine of Laches." (Ans. 6.) This asserts no facts, gives no notice of how the doctrine of laches applies, and is precisely the type of "labels and conclusions" that *Iqbal*/*Twombly* forbids. This affirmative defense is not pleaded with sufficient detail to give Gonzalez sufficient notice of the grounds for the asserted defense.

Because each of Defendants' affirmative defenses is pleaded in the same conclusory manner as the above example, the Court hereby **DISMISSES** all twenty affirmative defenses.

Additionally, not all attacks on a plaintiff's case are affirmative defenses. An affirmative defense defeats a plaintiff's case "even where the plaintiff has stated a prima facie case for recovery." *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005). An attack denying the merits of a claim is not an affirmative defense. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

Defendants' first affirmative defense for failure to state facts is not an affirmative defense; it asserts a defect in Gonzalez's prima facie case, and is better understood as a motion to dismiss. *Perez*, 2012 U.S. Dist. LEXIS 41080, at *40.

Defendants' fourth affirmative defense for "no damages" is likewise not an affirmative defense. It asserts a defect in Gonzalez's prima facie case.

Defendants' ninth affirmative defense is that "every cause of action contained [in the First Amended Complaint] is uncertain." (Ans. 5.) Again, this merely attacks the merits of Gonzalez's Complaint.

/ / /

4

Defendants' sixteenth affirmative defense for defendants having performed all conditions simply denies the allegations of Gonzalez's Complaint.

Defendants' twentieth affirmative defense for additional affirmative defenses is just a reservation to add more affirmative defenses at a later stage of the litigation. This is not a defense of any kind.

Finally, Defendants' Opposition alleges that Plaintiff failed to comply with Local Rule 7-3. (Opp'n 5.) Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution." L.R. 7-3. While the Court does not excuse Plaintiff's noncompliance, it finds that Defendants were not prejudiced by this violation, and thus the Court refuses to deny Gonzalez's motion on this basis.

## V.  CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Strike Defendants' affirmative defenses is **GRANTED**. The Court **DISMISSES WITHOUT PREJUDICE** affirmative defenses two, three, five through eight, ten through fifteen, and seventeen through nineteen. The Court **DISMISSES WITH PREJUDICE** affirmative defenses one, four, nine, sixteen, and twenty because they are not affirmative defenses. Defendants may file an amended Answer within 10 days of the date of this order.

**IT IS SO ORDERED.**

August 8, 2012

                                      **OTIS D. WRIGHT, II**
                         **UNITED STATES DISTRICT JUDGE**